ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE TIMKEN COMPANY | ) | |
| | ) | CASE NO. 5:08CV272 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| ROBERT BOSCH, LLC | ) | ORDER |
| | ) | |
| Defendant. | ) | (Resolves Docs. 81, 82, 83, 84, 85) |
| | ) | |

Pending before the Court are the parties' motions in limine. Docs. 81, 82, 83, 84, 85. The Court has reviewed the motions and oppositions and enters the following order.

I. **Expert Reports and Testimony of Aaron Dent and Rodney Crawford**

Bosch seeks to introduce the expert testimony of Aaron Dent and Rodney Crawford. In its motion, Timken asserts that neither is a properly qualified expert and that their testimony should be excluded.

At this time, the Court reserves ruling on Timken's motion. The parties, however, are put on notice of certain restrictions that will be imposed on all expert witnesses. No expert shall be permitted to opine regarding whether a term was or was not a part of the contract at issue. The terms contained in the contract shall be determined solely by the jury. Furthermore, no expert shall be permitted to opine on whether a party has complied with the alleged terms of the contract at issue. Again, the issue of whether a party has breached the agreement will be resolved by the jury, not by an expert witness.

The remainder of Timken's motion will be resolved at the appropriate time during trial.

For example, Timken challenges the ability of Crawford to present evidence of a reasonable price for the hubs.  As noted by Bosch, if the Court and/or jury finds that the parties did not agree on a price term, the jury must determine what a reasonable price would have been.  If a proper foundation is laid, an expert providing testimony about a reasonable price for the hubs could be permissible evidence.

As such, Timken is advised to renew its objections to the expert testimony at the appropriate times during trial and the Court will resolve them at that time.  To the extent that Bosch's motion in limine seeks to permit its experts to testify, that motion is likewise held in abeyance.

## II. Timken's Bearings Contract with Bosch and Contract with Ford

Timken seeks to preclude Bosch from discussing the contract and negotiations surrounding Timken's contract to sell Bosch bearings. Timken also seeks to preclude Bosch from discussing Timken's contract with Ford.   The Court now reviews those arguments.

In reviewing this motion, the Court is required to examine the parties' arguments with respect to "course of dealing" and "usage of trade."   Those terms are defined by the Ohio Revised Code ("O.R.C.") as follows:

> (A) A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.
>
> (B) A usage of trade is any practice or method of dealing having such regularity of observance in a place, vocation, or trade as to justify an expectation that it will be observed with respect to the transaction in question. The existence and scope of such a usage are to be proved as facts. If it is established that such a usage is embodied in a written trade code or similar writing, the interpretation of the writing is for the court.

O.R.C. 1301.11.

A. Timken's Sale of Bearings to Bosch

Timken and Bosch entered into a contract in 2006 under which Timken agreed to sell Bosch bearings. Furthermore, Timken proposed contracts terms to Bosch related to the sale of bearings beginning in 2002. Bosch asserts that evidence of these actions is admissible because it evidences a "usage of trade." Bosch also asserts that the parties' prior dealings constitute a "course of dealing" and should be admissible. The Court finds no merit in either contention.

With respect to the 2006 contract, Bosch apparently concedes that it cannot be a "course of dealing" because under Ohio law a "course of dealing" must involve "previous conduct." Bosch, however, asserts that no such temporal limitation is placed on "usage of trade" evidence. Bosch is incorrect. "Usage of trade" evidence is conduct that occurs so regularly that it justifies "an expectation" that the conduct will be observed. By its nature, to create an "expectation" that conduct necessarily had to have occurred prior to the time it was expected to be observed. Accordingly, provisions contained in contracts entered into after the contract at issue herein do not constitute "usage of trade" evidence. Accordingly, to the extent Timken seeks to exclude evidence of any contract it entered into after the one at issue, the motion is GRANTED.

As noted above, Timken also seeks to exclude reference to any of the contract terms it offered to Bosch with respect to the sale of bearings. Bosch asserts that the evidence it seeks to offer is permissible as a "course of dealing" between the parties. The Court disagrees.

Bosch asserts that beginning in 2002 that Timken's economic provision governed each delivery of bearings to Bosch. Bosch, therefore, asserts that the parties' conduct was sufficient to establish a sequence of conduct that established a common basis to interpret their expressions. The Court cannot agree with this assertion.

Bosch asserts that there is no support for Timken's argument that any relevance of this

prior conduct is undermined by the fact that the parties' roles (supplier/purchaser) were reversed under the bearings contract.  The Court, however, cannot ignore that fact.  The fact that Timken imposed an economics provision on Bosch provides no insight as to whether Bosch imposed such a provision on Timken.  Furthermore, the contracts and negotiations at issue are so distinct from those surrounding the sale of bearings, the Court cannot find that any of the parties' conduct with respect to the bearings can be said to establish a "common basis of understanding."  Bosch, therefore, shall not be permitted to introduce evidence regarding Timken's sale of bearings to Bosch or the contractual terms related thereto.

B. The Ford Contract

Bosch also seeks to introduce evidence of the terms that Timken negotiated with Ford.  Upon review, Bosch will not be permitted to introduce such evidence.

Bosch asserts that evidence that Timken used an economics provision in both the bearings contract and its contract with Ford demonstrates a "usage of trade" in the industry.  The Court disagrees.

Bosch is free to introduce evidence through the proper witness that demonstrate that economic provisions were commonly used in the automotive industry.  However, the probative value of introducing two instances in which Timken utilized such provisions would be substantially outweighed by the danger of unfair prejudice.  It is clear that Bosch seeks to demonstrate that its contract contains an economics provision by demonstrating that Timken has entered into such agreements under significantly different contexts.  The Court will not permit such an argument to the jury.

    **III.**    **Timken's Profits Under the Ford Contract**

Timken seeks an order from this Court excluding any evidence of its profits under its

contract with Ford.   Bosch has responded that these profits should be admissible to assist the jury if they are asked to determine a "reasonable price" under the Timken-Bosch contract.

Upon review, the Court GRANTS Timken's motion.   Timken's profits under its contract with Ford are irrelevant to the proceeding before this Court.   Timken and Ford were free to negotiate whatever terms they desired when they contracted with one another.   Those terms were not required to be reasonable.   Accordingly, Bosch's assertions that those terms could assist the jury determine reasonableness are untenable.

Furthermore, any probative value offered by introducing evidence of Timken's expected profits under the Ford contract would be substantially outweighed by the undue prejudice of that evidence.   Bosch asserts that evidence of these profits demonstrates Timken's bad faith.   There is no evidence of any kind, nor any legal authority, to support this position.   As indicated above, Timken was free to negotiate any contract it desired with Ford.   The fact that its contract with Ford has been profitable provides no evidence of bad faith.

Throughout this argument, Bosch seeks to equate its contract with Timken's contract with Ford.   However, the fact that the two contracts share some of the same subject matter does not make their terms interchangeable.   The contracts were negotiated entirely apart from one another.   Accordingly, Timken's profits under the Ford contract offer nothing to a jury considering the contract issues between Timken and Bosch.   Bosch, therefore, is prohibited from introducing Timken's profits under its Ford contract.

### IV.   Post-Hoc Contract Interpretations

As the Court made clear during the final pretrial in this matter, neither party will be permitted to introduce evidence of post-hoc contract interpretations.   Bosch is correct that Timken has not identified any specific testimony that demonstrates these interpretations.   The

Court, however, has reviewed the depositions filed in this matter. There are numerous occasions in which witnesses from both parties provide post-hoc interpretations of the negotiations at issue. Those interpretations will not be permitted.

The parties are hereby advised that the introduction of evidence of the intent of the parties will be limited. If a party seeks to introduce what was intended by a particular term or document, that intention must be reflected in some contemporaneously created document. If the intention is nothing more that the witness's opinion on what was intended, it will not be offered as evidence in this matter. Accordingly, Timken's request to exclude this type of material is GRANTED. Both parties are prohibited from introducing such evidence.

### V. Conclusion

Timken's motion to exclude Bosch's experts (Doc. 81) is hereby held in abeyance until the appropriate time during trial. Timken's motion to exclude the bearings contract and Ford contract (Doc. 82) is GRANTED. Timken's motion to exclude evidence of its profits under the Ford contract (Doc. 83) is GRANTED. Timken's motion to exclude subjective and post-hoc contract interpretations (Doc. 84) is GRANTED. Bosch's motion in limine (Doc. 85) seeking permission to introduce usage of trade and course of dealing is DENIED IN PART to the extent the Court resolved those issues in Timken's motions in limine. To the extent Bosch seeks to introduce related evidence through its experts, the motion is held in abeyance until trial.

IT IS SO ORDERED.

|  |  |
|---|---|
| May 15, 2009 | */s/ John R. Adams* |
| Date | Judge John R. Adams |
|  | United States District Court |