ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| THE TIMKEN COMPANY | ) | |
|---|---|---|
| | ) | CASE NO. 5:08CV272 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| ROBERT BOSCH, LLC | ) | ORDER |
| | ) | |
| Defendant. | ) | (Resolves Doc. 146) |
| | ) | |

This matter appears before the Court on Timken's motion to enter final judgment (Doc. 146). Bosch has responded in opposition to the motion (Doc. 149), and Timken has replied (Doc. 150). For the reasons stated herein, the Court GRANTS the motion and will contemporaneously file a judgment in favor of Timken.

**I.   Facts**

On May 29, 2009, the jury in this matter returned a verdict in favor of Timken. In so doing, the jury found that Timken's total damages were $3,871.578.72. Doc. 113 at 4. On June 15, 2009, Timken filed the instant motion seeking a final judgment on both the jury's verdict and its request for declaratory relief. The Court now resolves the parties' remaining arguments.

**II.   Legal Standard**

When legal and equitable actions are tried together, the right to a jury trial in the legal action encompasses the issues common to both. Thus, when a party has a right to a jury trial on an issue involved in a legal claim, the judge is of course

> bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim. … It is well-settled that the court may not make findings contrary to or inconsistent with the jury's resolution of that same issue as implicitly reflected in its general verdict.
>
> One important reason that a judge is not to make findings that contravene a jury's verdict is that the verdict is res judicata with respect to the factual issues which would have necessitated jury resolution.

*In re Lewis*, 845 F.2d 624, 629 (6th Cir. 1988) (internal citations, quotations, and alterations omitted); *see also Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 965-66 (10th Cir. 2002) (noting that pursuant to the Seventh Amendment, in fashioning equitable relief, a district court is bound both by a jury's explicit findings of fact and those findings that are necessarily implicit in the jury's verdict). Furthermore, when the basis of the jury's verdict is unclear, each of the potential theories supporting the verdict is open to contention "unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined." *Russell v. Place*, 94 U.S. 606, 609 (1876). "Therefore, when several issues have been litigated, and the jury may have supported its verdict by finding in the plaintiff's favor on any one of the issues but which one is not clear, the court is free to determine the basis of the jury's verdict unless extrinsic evidence clearly resolves the issue." *Miles v. Indiana,* 387 F.3d 591, 600 (7th Cir. 2004).

### III. Analysis

**1. Contract Duration**

In its request for judgment, Timken seeks a declaration that the contract will last for the life of Ford's T1 program. In response, Bosch contends that the jury verdict did not resolve the issue of the contract's duration. Specifically, Bosch contends that the jury could have

> reached any of at least four conclusions: (1) the contract was a life-of-the-part duration; **or** (2) the contract was of some definite duration that extended beyond

>April 30, 2009; **or** (3) the contract was of indefinite duration but Bosch had not yet acted to terminate it; **or** (4) the contract was of indefinite duration and Bosch had acted to terminate it, but a "reasonable" amount of time had not yet elapsed sufficient for that termination to become effective.

Doc. 149 at 6-7. Bosch's argument fails for several reasons.

Initially, the Court agrees with Bosch's statement that a "finding is necessarily implied only if it is '[a]n implication so strong in its probability that anything to the contrary would be unreasonable.'" Doc. 149 at 7 (quoting *Black's Law Dictionary* 770 (8th Ed. 2004)). Further, when determining what facts are implicit in the jury's verdict, this Court must consider the evidence and *argument* presented by the parties. *See Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.*, 803 F.2d 250, 255-56 (discussing the manner in which evidence was presented to support an argument that a finding of constructive discharge was implicit in a jury verdict).

When considering the evidence and argument presented, the Court notes that a finding other than that proposed by Timken would be unreasonable. The jury was presented with two arguments. Timken argued that the parties' contract was a life-of-the-part contract. Bosch argued that the contract had an indefinite duration and that Bosch had terminated the contract after a reasonable period of time. No other arguments were presented to the jury.

Bosch's argument above with respect to its second, third, and fourth proposals as to what the jury may have concluded runs afoul of the evidence and argument of the parties. No evidence or argument was presented with respect to Bosch's second proposal above, i.e., that the contract was for some definite duration, but not the life-of-the-part duration urged by Timken. Bosch's number 2 above, therefore, is unreasonable based upon the facts and argument introduced at trial.

Bosch's number 3 above, that Bosch had not yet terminated the contract, is likewise unreasonable. Bosch's contentions throughout the litigation were that it had properly terminated

the contract. No evidence was introduced to suggest otherwise. A finding that the contract had an indefinite duration and Bosch had not yet acted to terminate that contract, therefore, is unreasonable in light of the evidence and argument by Bosch itself.

Finally, Bosch's number 4 above suffers from the same flaw. Bosch contends that the jury could have found that a reasonable amount of time had not yet passed, rendering Bosch's termination of the contract ineffective. Similar to the above, the jury heard no evidence to support such a finding, and neither party offered argument in support of such a conclusion. A determination that this factual finding was implicit in the jury's verdict would be unreasonable.

Accordingly, the Court is left with Timken's contention that the jury's verdict includes an implicit finding that the contract has a life-of-the-part duration. The Court agrees with this contention.

As noted above, the jury was presented with only two arguments on the duration of the contract. By returning a verdict in favor of Timken and awarding Timken the full extent of its requested damages, the jury necessarily rejected Bosch's argument regarding the duration of the contract. The sole remaining argument before the jury was Timken's argument that the contract was for the life-of-the-part. The Court, therefore, concludes that the jury's verdict implicitly found in Timken's favor on the duration of the contract.

As the Court has found that the jury's verdict implicitly found the duration of the contract, there is no reason for the Court to analyze Bosch's Seventh Amendment contentions on this issue. Furthermore, while Bosch spends a lengthy portion of its response arguing why the jury verdict was improper, the Court likewise declines to address those arguments. Bosch's arguments regarding the invalidity of the jury verdict are properly raised in post-judgment motions.

### 2. Surcharges

The parties similarly disagree over whether the jury verdict implicitly determined the meaning of the term "surcharge" in their agreement.  The Court finds that the jury's verdict has resolved that issue.

Similar to the analysis above, the jury was presented with two arguments regarding surcharges.  Timken contended that Bosch could only setoff surcharges imposed by a steel supplier.  In contrast, Bosch presented evidence that it had incurred surcharges imposed by Guestro, but not by its steel supplier.  By awarding Timken the full amount of its damages, the jury rejected Bosch's argument that its proffered surcharges were proper.  Furthermore, even if this Court were to find that the jury verdict is ambiguous on this issue; extrinsic evidence clearly resolves the issue.  Bosch's 30(b)(6) representative clearly defined surcharges in a manner consistent with the definition requested by Timken.   While Bosch contends that this definition has been taken out of context, the jury's rejection of Bosch's surcharge definition is apparent in its award.  Timken's definition, the only remaining definition posed to the jury, is therefore implicit in the verdict.

### 3. Future Damages

Bosch next challenges Timken's proposed judgment to the extent that it seeks to estimate future damages.  In its reply, Timken has agreed that actual costs should be used rather than estimated costs.  Accordingly, the proposed judgment will be modified accordingly.

### 4. Retaining Jurisdiction

Finally, the parties dispute the extent to which this Court should retain jurisdiction over this matter.  The Court will retain jurisdiction over the judgment in this matter to the extent required to enforce its judgment.  If a dispute arises that is inextricably intertwined with this Court's

judgment, the Court will entertain jurisdiction over that dispute.   However, disputes that simply arise under the contract herein and are unrelated to the Court's judgment will not be heard through the Court's continuing jurisdiction.   Any such disputes must be filed as separate actions.

### IV.     Conclusion

Based upon the above, Timken's motion for final judgment (Doc. 146) is GRANTED. The Court will contemporaneously file its judgment entry in this matter.

IT IS SO ORDERED.

|  |  |
|---|---|
| July 21, 2009 | */s/ John R. Adams* |
| Date | Judge John R. Adams |
|  | United States District Court |